IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

**RICHARD OLIVE,**

    **Petitioner,**

    **v.**                                                                           No. 4:21-cv-1032-P

**WARDEN, FMC-Fort Worth,**

    **Respondent.**

## OPINION & ORDER

Before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner, Richard Olive, a federal prisoner confined at FMC-Fort Worth, against the warden of FMC-Fort Worth, Respondent. After having considered the pleadings and relief sought by Petitioner, the Court has concluded that the petition should be dismissed for lack of jurisdiction.

## FACTUAL & PROCEDURAL BACKGROUND

Petitioner is serving a total 372-month term of imprisonment for his 2013 convictions in the United States District Court for the Middle District of Tennessee on three counts of mail fraud (Counts One through Three), four counts of wire fraud (Counts Four through Seven), and two counts of money laundering (Counts Eight and Nine). Resp't's App. 71–72, ECF No. 8. Petitioner appealed his convictions and sentences to the Sixth Circuit and filed a § 2255 motion to vacate, set aside, or correct his sentences in the convicting court, all to no avail. *Id.* at 23–67.

## ISSUES

In one ground for habeas relief, Petitioner claims that "[t]he proper application of *United States v. Santos*[, 553 U.S. 507 (2008),] to Count 9 causes the merger of that count with the underlying fraud count (Count 2), making [him] actually innocent of Count 9." Pet. 6, ECF No. 1. He seeks to have his conviction as to Count Nine vacated and his case referred to the convicting court for resentencing. *Id.* at 7.

## ANALYSIS

As a general rule, a federal prisoner who seeks to challenge collaterally the legality of a conviction or sentence must do so in a § 2255 motion to vacate, set aside, or correct sentence. *Padilla v. United States*, 416 F.3d 424, 425–26 (5th Cir. 2005); *Cox v. Warden, Fed. Det. Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990). Such claims may only be raised in a § 2241 petition if the petitioner establishes that the remedy under § 2255 is inadequate or ineffective to test the legality of his detention. *Tolliver v. Dobre,* 211 F.3d 876, 877 (5th Cir. 2000). The burden of demonstrating the inadequacy of the § 2255 remedy rests with the petitioner. *Jeffers v. Chandler,* 253 F.3d 827, 830 (5th Cir. 2001). In order to meet this burden, a petitioner must show that (1) the claim is based on a retroactively applicable Supreme Court decision, (2) the claim was foreclosed by circuit law at the time when the claim should have been raised in his trial, appeal, or first § 2255 motion, and (3) that retroactively applicable decision establishes that he may have been convicted of a nonexistent offense. *Garland v. Roy,* 615 F.3d 391, 394 (5th Cir. 2010); *Reyes-Requena v. United States*,

243 F.3d 893, 904 (5th Cir. 2001). Although Petitioner raises a savings-clause argument, he fails to meet the requirements of the savings-clause test. Pet'r's Mem. 7–10, ECF No. 2.

In *Santos,* the Supreme Court held that the money-laundering statute's, 18 U.S.C. § 1956(a)(1), term "proceeds" was ambiguous and, as a result, in certain circumstances, could not be understood as "gross receipts," but rather had to be read to mean "profits." *Garland,* 615 F.3d at 397. Both the Fifth and Sixth Circuits have determined that the decision in *Santos* applies retroactively to a habeas-corpus petitioner's conviction(s). *See id.* at 396; *Wooten v. Cauley,* 677 F.3d 303, 308–09 (6th Cir. 2012). Thus, Petitioner meets the first prong of the test. However his claim, on its face, fails the second prong. *Santos* was decided in 2008, prior to Petitioner's trial and the filing of his appeal and first § 2255 motion and, therefore, was not unavailable to him at that time. *See Braddy v. Fox,* 476 F. App'x 51, 2012 WL 1759006, at *1 (5th Cir. May 17, 2012); *McIntosh v. Tamez,* 477 F. App'x 168, 2012 WL 1557342, at *1–2 (5th Cir. May 1, 2012). Indeed, his *Santos* claim was available at his 2013 trial, was raised and rejected by the Sixth Circuit on direct appeal,[1] and was available at the time of his initial § 2255 motion. The fact that the Fifth and Sixth Circuits have differing interpretations of *Santos* makes no difference. The remedy under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. *Pack v. Yusuff,* 218 F.3d 448, 452 (5th Cir. 2000) (quoting *Williams v. United States,* 323 F.2d 672, 673 (10th Cir. 1963)). Furthermore, when evaluating claims under the second prong of the test, there is support that

---

[1] The Supreme Court also denied writ of certiorari. Notice to Clerk, *United States v. Olive*, Criminal Docket for Case # 3:12-cr-00048-1, ECF No. 156.

3

a court looks to the substantive law of the circuit where the petitioner was convicted. *See Hahn v. Moseley,* 931 F.3d 295, 301 (4th Cir. 2019); *In re Davenport,* 147 F.3d 605, 612 (7th Cir. 1998).

As Petitioner cannot satisfy the second prong of the test, it is unnecessary to reach the third prong.

In summary, because Petitioner fails to meet the savings-clause test, this Court lacks jurisdiction to consider his § 2241 petition. This is a jurisdictional requirement that cannot be ignored by this Court. *Christopher v. Miles,* 342 F.3d 378, 385 (5th Cir. 2003) (finding that a court must dismiss a § 2241 petition for lack of jurisdiction when the requirements of the savings clause are not met).

## CONCLUSION

For the reasons discussed, the Court **DISMISSES** Petitioner's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 for lack of jurisdiction. Petitioner's "Motion for Further Extension of Time" (ECF No. 13) is **DENIED**.

**SO ORDERED** on this **28th day** of **December, 2021.**

Mark T. Pittman
UNITED STATES DISTRICT JUDGE